Per Curiam.
Petitioner contends that his indictment was not supported by any evidence that a crime was committed. As pointed out by respondent, there is no proper way of knowing what evidence the grand jury considered in determining whether an indictment should be returned.
The competency or adequacy of the evidence upon which an indictment is returned by a grand jury is not a ground for contesting the validity of the indictment in a habeas corpus proceeding. Costello v. United States, 350 U. S., 359; Lawn v. United States, 355 U. S., 339; and Churchill v. Haskins, Supt., 176 Ohio St., 183.
Next, petitioner raises several issues in relation to the evidence of his guilt. These matters can be considered on appeal and are not cognizable in an action in habeas corpus. In re Poage, 87 Ohio St., 72; and Page v. Green, Supt., 174 Ohio St., 178.
Petitioner urges further that there was an illegible scrawl on the indictment rather than the signature of the foreman of the grand jury. A letter from such foreman in response to an inquiry by the Attorney General and introduced into evidence reads in part as follows:
“Will you please advise Mr. Baird that what he calls an illegible scrawl is my signature, and is so recognized by the Cleveland Trust Company, by the Union Bank of Commerce and by all of my business associates.”
Obviously, petitioner’s point is not well taken in this respect.
Finally, petitioner urges that he was indicted for two dif *24 ferent crimes for the same act. The indictment returned against petitioner contained two counts, one for forgery and one for uttering a forged instrument. They are, of course, two separate and distinct crimes and were properly included in the same indictment. Section 2941.04, Revised Code. However, even if it was improper, petitioner was not prejudiced thereby inasmuch as one count was nolled.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.